UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHRISTOPHER L. COX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-cv-00520-MJD-JMS |
| | ) |
| PROFESSIONAL ACCOUNTS SERVICE, INC., | ) |
| | ) |
| Defendant. | ) |

**CASE MANAGEMENT PLAN**

**I.   Parties and Representatives**

A. Parties

Plaintiff:                                                 Defendant:
Christopher L. Cox                              Professional Accounts Service, Inc.

B. Representatives

For Plaintiff:                                                                  For Defendant:

**Nathan Charles Volheim**                                  **Todd Berry**
**Taxiarchis Hatzidimitriadis**                             P.O. Box 10548
**Eric D. Coleman**                                              Terre Haute, IN 47801-0548
Sulaiman Law Group, Ltd.                                  (812) 87-9206
2500 South Highland Avenue, Suite 200        Email: ToddAlanBerry@gmail.com
Lombard, Illinois 60148
Phone: 630-575-8181
Fax: 630-575-8188
Email: nvolheim@sulaimanlaw.com
Email: thatz@sulaimanlaw.com
Email: ecoleman@sulaimanlaw.com

II.  **Jurisdiction and Statement of Claims**

    A.  Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

    B.  Plaintiff has brought a Complaint against Defendant which alleges violations of the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq*. related to Defendant's debt collection activities. Plaintiff asserts that Defendant engaged in unfair and misleading collection activity towards him in pursuit of debt collection.

    C.  Defendant counters that it is merely pursuing collection of accounts, pursuant to two contracts validly entered into between between the Plaintiff and his health care provider, and that the Plaintiff knew or should have known of the balances due on each of these contracts; Defendant therefore DENIES having engaged in any "unfair and misleading collection activity."

III.  **Pretrial Pleadings and Disclosures**

    A.  The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **March 7, 2019**.

    B.  Plaintiff shall file preliminary witness and exhibit lists on or before **March 14, 2019**.

    C.  Defendant shall file preliminary witness and exhibit lists on or before **March 21, 2019**.

    D.  All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **April 8, 2019**.

    E.  Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **March 14, 2019**. Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto **within 21 days after receipt of the demand**.

    F.  Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **April 24, 2019**. Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **May 7, 2019.**

G. Omitted.

H. Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **November 1, 2019.**  Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by
S.D. Ind. L.R. 56-1.

I. All parties shall file and serve their final witness and exhibit lists on or before **June 14, 2019**.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J. Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K. <u>Discovery of electronically stored information ("ESI")</u>.  Unless otherwise agreed by the parties or ordered by the Court, all electronically stored information will be produced in .pdf format.

In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned.  In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document.  The producing party shall promptly identify the returned document on a privilege log.  The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

3

### IV. Discovery[1] and Dispositive Motions

A. The parties anticipate filing cross-motions for summary judgment on the following issues: Whether Defendant's collection communications with Plaintiff were misleading and unfair in violation of the FDCPA.

B. On or before **August 16, 2019** and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based

C. All discovery shall be completed by no later than **August 9, 2019**.

D. Plaintiff shall file any dispositive motion on or before **September 6, 2019**; Defendant shall respond to Plaintiff's dispositive motion, and shall include any cross-dispositive motion, on or before **October 7, 2019**; Plaintiff shall respond to Defendant's cross-dispositive motion, and shall include any reply in support of Plaintiff's dispositive motion, on or before **November 7, 2019**; Defendant shall file any reply in support of its cross-dispositive motion on or before **November 22, 2019.**

<u>Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

If the required conference under Local Rule 37-1 does not resolve discovery issues that may arise, the parties will request a telephonic status conference prior to filing any disputed motion to compel or for a protective order.

### V. Pre-Trial/Settlement Conferences

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in June, 2019.

### VI. Trial Date

This matter will be ready for trial in or after **March, 2020**. The trial is by **jury** and is anticipated to take **two (2) days**.

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

4

VII.  **Referral to Magistrate Judge**

    A.    **Case**. At this time, all parties **do** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

    B.    **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII. **Required Pre-Trial Preparation**

    A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

        2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.    Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a.    brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

            b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX.** **Other Matters**

**None at this time.**


s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Sulaiman Law Group, Ltd.
*Counsel for Plaintiff*


/s/ Todd A. Berry
Attorney Todd A. Berry, # 24797-84
*Counsel for Defendant*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON                FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| X | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY                MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S)                OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY                MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY                ON                . FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR                AT       .M., ROOM                . |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR                AT       .M. COUNSEL SHALL APPEAR:<br><br>            IN PERSON IN ROOM           ; OR<br><br>            BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (    )                ; OR<br><br>            BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (    )                ; |
| X | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN **September 6, 2019**. All discovery shall be completed by no later than **August 9, 2019**. |

8

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered as Amended.**

Dated: 4 MAR 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.